MEMORANDUM **
Wilfredo Kabiling Tributo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals’(“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his motion for a continuance and his asylum application. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, Nakamoto v. Ashcroft, 363 F.3d 874, 883 n. 6 (9th Cir.2004), and review de novo questions of law, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.
We lack jurisdiction to consider Tribu-to’s unexhausted contention that the IJ erred by failing to advise Tributo that the fingerprints he previously provided were out of date. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of claims before the BIA).
Tribute’s contention regarding 8 C.F.R. § 1208.10 is unavailing. Moreover, the IJ did not abuse his discretion in denying Tribute’s motion for a continuance because the IJ warned him that failure to provide fingerprints would result in the denial of his application. See Sandoval-Luna v. Mukasey, 526 F.3d 1243, 1246-47 (9th Cir.2008); cf. Cui v. Mukasey, 538 F.3d 1289, 1293-95 (9th Cir.2008). It follows that Tribute’s due process claim fails. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.